The Primitive Methodist Church *et als. vs.* Arthur C. Homer.

MARCH 7, 1916.

Present: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) New Trial. Accident and Mistake.*

A petitioner claiming to be beneficially interested in real estate, the subject of a bill in equity wherein final decree has been entered, who claims to have had no notice of the suit until after the entry of the decree, cannot obtain relief under Gen. Laws, 1909, cap. 297, §§ 1 and 2, authorizing the Supreme Court to grant a new trial to "a *party* or garnishee in any action or proceeding in the Superior Court" under certain conditions. In any event these sections relate only to actions at law.

*(2) Equity. New Trial. Accident and Mistake.*

A person aggrieved by a decree in equity of the Superior Court who may obtain relief under Gen. Laws, cap. 297, § 3, is one who has a right to claim and prosecute an appeal from such decree, a party to the suit or one in privity with him and appellant's proper relation to the suit must be shown by the record.

*(3) Equity.   Trusts.   Parties.   Appealable Interest.   Accident and Mistake.*
In proceedings affecting a trust estate, the trustee and *cestui que trust* are so
   far independent of each other that the latter must be made a party in order
   to be bound by the judgment.   Therefore a *cestui que trust*, not bound by
   the decree has not the appealable interest entitling him to relief under
   Gen. Laws, 1909, cap. 297, § 3.
A person claiming to be beneficially interested in real estate, the subject of a
   bill in equity wherein final decree has been entered, who claims to have had
   no notice of the suit until after the entry of the decree and seeks to set
   aside the decree, on the ground that his rights were affected thereby, can
   do so by filing an original bill in the nature of a bill of review.

PETITION for relief under Gen. Laws, cap. 297, §§ 1–3 and
petition dismissed.

BAKER, J.   This is a petition filed November 20, 1915,
by The Primitive Methodist Church of Rhode Island,
Darkin Bardsley, Arthur Knight and others against Arthur
C. Homer, of Fall River, in the Commonwealth of
Massachusetts.

It alleges, among other things, that the respondent on
April 3, 1914, filed in the Superior Court for the County of
Kent a bill in equity against William H. Sheldon, Israel
R. Sheldon and others as trustees of certain real estate
situate in Warwick, in the State of Rhode Island, under two
certain deeds, both bearing date December 23, 1891, executed
by one Samuel J. Vickery, late of said Warwick, deceased,
praying that the trusts created by said deeds be declared
to have wholly failed and become inoperative and that the
court order said real estate to be conveyed to him as the sole
heir at law of one Thomas F. Vickery, who was the sole
residuary devisee of said Samuel J. Vickery.

The petition also alleges that a final decree granting the
prayer of said bill was entered by said court on November
27, 1914, and that by deed of a special master appointed for
that purpose by the court said real estate was conveyed to
the respondent "free of and discharged from all the trusts
imposed or attempted to be imposed thereon by said trust
deeds."

The petition further alleges that the petitioners are beneficially interested in said real estate under one of said trust deeds; that neither they nor any of them were made parties to said equity suit or "had actual notice of the pendency thereof until long after the entry of the final decree" therein. Claiming that they are aggrieved by the entry of said final decree and that by reason of accident, mistake or unforeseen cause they have been unjustly deprived of their rights and property in said real estate, they ask this court "to order and decree that said cause be reopened and the final decree entered therein be vacated and the case be reinstated, stand open to the petitioners to be made parties to said equity cause and to have a trial thereof before said Superior Court upon the merits."

(1)    This petition is apparently filed under Chapter 297 of the General Laws. Sections 1 and 2 thereof authorize this court to grant a new trial to "a party or garnishee in any action or proceeding in the Superior Court" under certain specified conditions. They are designed only for the benefit of a party or garnishee. The petition sets out that the petitioners were not parties to the suit in equity and obviously they are not garnishees. It is clear therefore that they can obtain no relief under the first two sections. *Seward* v. *Johnson*, 27 R. I. 396, 399. Moreover, the language employed indicates that these sections relate only to actions and proceedings at law. Section 3 of Chapter 297 is as follows: "Section 3. When any person is aggrieved by any order, decree, decision or judgment of the Superior Court or any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the Supreme Court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prose-

cuted, upon such terms and conditions as the court may prescribe."

(2) It is apparent that the person aggrieved by a decree in equity of the Superior Court who may obtain relief under this section is one who has a right to claim and prosecute an appeal from such decree. In other words, he must be a party to the suit or one in privity with him, and appellant's proper relation to the suit must be shown by the record. 2 Ency. Pl. & Pr. 151. It does not appear what kind of a legal entity The Primitive Methodist Church of Rhode Island is. It is mentioned neither in the deeds nor in the bill in equity.

The respondents in the equity suit were some of the original trustees named in the deeds and the heirs of such original trustees as had deceased. These trustees merely held the legal title, and the beneficiaries were entitled to the possession of the estate and its use and improvement. The general rule is that in proceedings affecting the trust estate, the trustee and *cestui que trust* are so far independent of each other that the latter must be made a party to the suit in order to be bound by the judgment or decree rendered therein. 23 Cyc. 1246. It is clearly so when the trustee is a naked trustee merely. If not bound by the decree, we think a *cestui que trust* has not the appealable interest entitling him to appeal. Consequently, the petitioners in this case are not entitled to the relief provided for by Section 3 of Chapter 297.

In these circumstances, if the petitioners claim the right to set aside the decree on the grounds that it was made without making them parties and that their rights were affected thereby, they can raise the question by filing an original bill in the nature of a bill of review. *Quinn* v. *Hall,* 37 R. I. 56.

The petition is denied and dismissed.

*Washington R. Prescott,* for petitioner.
*William J. Brown,* for respondent.